## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:21-cv-00099-MR

| | | |
|---|---|---|
| **TRAVIS McKNIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **OFFICER S.T. HAWKINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on review of the Plaintiff's filings [Docs. 8, 9] that appeared to have been filed in response to the Court's Order of April 26, 2021 [Doc. 3].

## I. BACKGROUND

The *pro se* Plaintiff Travis McKnight filed this action on April 12, 2021, against Officer S.T. Hawkins, an officer with the Shelby Police Department in Shelby, North Carolina. [Doc. 1]. The Plaintiff utilized a standard AO form to file his Complaint. In the section of the form where the Plaintiff is asked to identify the basis for the Court's jurisdiction, the Plaintiff cited the Fourth Amendment to the United States Constitution. [Id. at 3]. Under the section entitled "Statement of the Claim," the Plaintiff was asked to "[w]rite a short and plain statement of the claim," including "the facts showing that [the]

plaintiff is entitled to the damages or other relief sought" and a description of how the defendant "was involved . . . including the dates and places of that involvement or conduct." [Id.]. In response, the Plaintiff alleged simply that "the government exc[ee]ded its Jurisdiction, trust pass [sic] on the case." [Id. at 4]. In the section where the Plaintiff was asked to identify the relief that he seeks, the Plaintiff stated only "4th amendment illegal search and seizure and fine $238." [Id.].

On April 26, 2021, the Court entered an Order advising the Plaintiff that his Complaint was insufficient because he had failed to allege how the Defendant personally participated in the alleged violation of the Plaintiff's rights, or even when or where such alleged violations occurred. [Doc. 3]. Without any basic details about the alleged incident giving rise to the Plaintiff's claim, the Court reasoned that the Complaint was subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Id.]. The Court gave the Plaintiff thirty (30) days in which to amend his Complaint and to cure the identified deficiencies. [Id.].

On May 6, 2021, the Plaintiff filed two sets of documents with the Clerk of Court. [Docs. 8, 9]. These documents do not set forth a caption and therefore it is unclear whether the Plaintiff intended for such documents to

serve as an Amended Complaint. Assuming he did so intend, such documents are largely incomprehensible.

The Plaintiff is not permitted to amend his Complaint in such a piecemeal and haphazard fashion. If the Plaintiff wishes to proceed with this action, he must file an Amended Complaint that sets forth the caption of the case; the parties he intends to sue; the basis for jurisdiction; a short and plain statement of the basis for his claim; and a prayer for relief. The Court will direct the Clerk of Court to send the Plaintiff a civil complaint form to assist the Plaintiff in this process.

The Court will allow the Plaintiff another thirty (30) days to file an Amended Complaint. The Plaintiff is hereby advised that should he fail to file an Amended Complaint in a timely and proper manner, this action may be dismissed without prejudice and without further notice to the Plaintiff.

**IT IS FURTHER ORDERED** that the Plaintiff may amend his Complaint within thirty (30) days of this Order in accordance with the terms of this Order. If the Plaintiff fails to timely and properly amend his Complaint, this action may be dismissed without prejudice and without further notice to the Plaintiff.

The Clerk of Court is respectfully directed to send a copy of this Order to the *pro se* Plaintiff along with a civil complaint form.

3

**IT IS SO ORDERED.**

Signed: June 18, 2021

Martin Reidinger
Chief United States District Judge